# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.P.**

**No. 17-0787** (Gilmer County 17-JA-3)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.P., by counsel Sarah F. Smith, appeals the Circuit Court of Gilmer County's August 3, 2017, order terminating her parental rights to B.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Snead, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her an improvement period.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner asserts a second assignment of error that alleges error in the circuit court's finding that she failed to remedy the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights. However, petitioner cites to no legal authority in support of this assignment of error. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and *law presented*, the standard of review applicable, and *citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's

(continued . . . )

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2017, the DHHR filed an abuse and neglect petition that alleged petitioner abused and neglected B.P. due to her drug abuse while pregnant and the child's subsequent withdrawal symptoms. The DHHR also alleged that petitioner previously had her parental rights to older children involuntarily terminated because of her substance abuse. Petitioner thereafter entered an inpatient drug abuse treatment facility.

In May of 2017, petitioner was adjudicated as an abusing parent due to her substance abuse and failure to remedy the conditions that led to the prior involuntary termination of her parental rights. Petitioner then submitted to a psychological and parental fitness evaluation that ultimately concluded her prognosis for parental improvement was "extremely guarded to poor." Thereafter, petitioner filed a motion for a post-adjudicatory improvement period. In June of 2017, petitioner was discharged from her treatment program for a violation of the program's rules. According to the record, the facility offered to assist petitioner in obtaining additional treatment upon her discharge, but she refused.

In July of 2017, the circuit court held a dispositional hearing, during which petitioner testified that she did not violate the rules of her treatment program and was, in fact, wrongfully discharged. She also testified that the program did not offer her any alternative treatment. According to petitioner's testimony, she did not need drug treatment and could recover from opiate addiction without assistance. Ultimately, the circuit court found that petitioner failed to comply with her substance abuse treatment and failed to remedy the conditions of abuse and neglect that resulted in her prior involuntary termination of parental rights. Accordingly, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the child's welfare. As such, the circuit court terminated petitioner's parental rights without granting her motion for an improvement period.[3] It is from the dispositional order that petitioner appeals.

---

brief in regard to her second assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. Accordingly, the Court will not address the assignment of error on appeal.

[3]In addition to the termination of petitioner's parental rights, the parental rights of the father to the child were terminated below. According to the DHHR, the permanency plan for the child is adoption in the current foster home.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her an improvement period.[4] According to petitioner, she was entitled to an improvement period because she was open to further treatment for substance abuse and continued to submit to drug screens. She also argues that she obtained a stable home, was seeking employment, and assured the circuit court that she would abide by the terms and conditions of an improvement period. The Court, however, finds no error in the circuit court's refusal to grant petitioner an improvement period.

Pursuant to West Virginia Code § 49-4-610(2), a circuit court may grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Here, the record shows that by the time of the dispositional hearing, petitioner had already been discharged from an inpatient substance abuse treatment program for violation of the program's rules. Further, upon her discharge, the program offered to secure petitioner alternative treatment, which she refused. In fact, at the dispositional hearing, petitioner testified that she did not need assistance overcoming her addiction to opiates. This evidence strongly undermines petitioner's assertion on appeal that she was open to further treatment and willing to abide by the terms and conditions of an

---

[4]Petitioner's assignment of error regarding the lack of an improvement period is stated as follows: "The Circuit Court abused its discretion by terminating the rights of [petitioner] without affording her an improvement period to demonstrate a change in circumstances that led to her prior terminations." However, the argument in support of this assignment of error does not address the termination of her parental rights and, instead, focuses solely on the circuit court's refusal to grant her an improvement period. Because petitioner presents no argument in support of her assertion that termination of her parental rights was erroneous, the Court will address only the circuit court's refusal to grant petitioner an improvement period.

improvement period. Based on this evidence, we find that petitioner failed to satisfy the applicable burden to obtain an improvement period.

We have also noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). Because petitioner failed to satisfy the applicable burden for obtaining an improvement period, we find no abuse of discretion in the circuit court's refusal to grant petitioner the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker